**SO ORDERED.**

**SIGNED this 30 day of November, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

**CDKP DEVELOPMENT, INC.,**   **CHAPTER 11**
   **CASE NO. 12-06871-8-RDD**
   **DEBTOR.**

**ORDER**

Pending before the Court is the Emergency Motion for Approval of Private Sale and the Emergency Motion to Sell Property Free and Clear of Liens and Other Interests with Liens to Attach to Proceeds Pursuant to 11 U.S.C. § 363(f) filed by CDKP Development, Inc. (the "Debtor") on September 28, 2012, the Objection to Emergency Motions of the Debtor filed by the Bankruptcy Administrator on October 3, 2012[1], the Limited Objection to Debtor's Emergency Motion to Sell

---

[1] The Bankruptcy Administrator objected to the Debtor's request for emergency relief pursuant to Federal Rule of Bankruptcy Procedure 6003 which states:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; or (c) a motion to assume or assign an executory contract or unexpired lease in accordance with § 365.

Property Free and Clear of Liens and Other Interests to Attach to Proceeds Pursuant to 11 U.S.C. § 363(f) filed by James W. Lee and Marian R. Lee on October 3, 2012, and the Objection to Debtor's Emergency Motion to Sell Property Free and Clear of Liens and Other Interests to Attach to Proceeds Pursuant to 11 U.S.C. § 363(f) filed by Bank of North Carolina ("BNC") on October 5, 2012. The Court conducted hearings to consider these matters on October 9, 2012 and on October 29, 2012 in Wilson, North Carolina.

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 26, 2012. The Debtor is a North Carolina corporation and its primary asset is real property. The Debtor filed a motion seeking to sell Lot 19, Lot 20, Lot 21, Lot 25, and Lot 26 in the Breighmere Subdivision (the "Property") to Caviness & Cates Building and Development Company ("Caviness & Cates") for a purchase price of $157,500.00, less $53,571.42 that was previously paid to the Debtor and used to develop the Debtor's real property. The Debtor expects the net proceeds of the sale to total approximately $100,000.00. The Debtor requests that all of the proceeds of the sale of the Property be held in trust by Debtor's counsel pending further determination by the court. The Debtor's Emergency Motion to Sell Property Free and Clear of Liens and Other Interests with Liens to Attach to Proceeds Pursuant to 11 U.S.C. § 363(f) requests:

> [t]he proceeds of sale of any over-encumbered property shall be subject to the payment of reasonable, necessary costs and expenses of preserving, or disposing of, such property, to the extent of any benefit to the holder of an allowed secured claim as provided for by § 506(c), such costs and expenses, including the fees and expenses of the Debtor's bankruptcy counsel, and the quarterly fee incurred as a result of any sale, to be approved by this Court.

---

F.R.B.P. 6003.

Because the hearing was scheduled to be held 21 days after the filing of the petition date, the Bankruptcy Administrator's objection was resolved prior to the hearing dates.

2

The Property is subject to a promissory note in favor of James W. Lee and Marian R. Lee (the "Lees") in the principal amount of $300,000.00 secured by a deed of trust recorded on August 1, 2005. The Debtor and the Lees entered into a Modification Agreement on November 28, 2011, whereby the parties agreed that Lots 18 - 26 would be released at a price of $3,000.00 per lot. This Modification Agreement was subsequently recorded.[2] There is due and owing to the Lees on the promissory note for the subject Property the sum of at least $15,000.00. The Property is also subject to a promissory note in favor of BNC in the principal amount of $500,000.00 secured by a deed of trust recorded on August 3, 2005, describing the Property, among other real property. The Debtor represented that in the past, BNC released liens on the real property so long as its loan was kept current. The Debtor notes that BNC receives monthly adequate protection payments in the amount of $16,500.00 for this loan and its other loans on the Debtor's property. There is however, no formal release fee agreement between the Debtor and BNC. BNC filed Proof of Claim No. 4-3 in the amount of $231,390.57. Pursuant to the Schedules, there is not enough equity in the Property to pay all of the liens in full.

The Debtor requests that the Court authorize the sale of the Property pursuant to 11 U.S.C. § 363(f)(5).[3]

---

[2] The effect of the Lees' Modification Agreement upon the relative priorities of the lien of the BNC Deed of Trust and the Lees' Deed of Trust upon the Property is presently the subject of litigation pending in the Superior Court of Pamlico County, North Carolina. The litigation remains pending but stayed by the filing of the Debtor's bankruptcy petition.

[3] At the hearing on October 9, 2012, the Debtor primarily argued that 11 U.S.C. § 363(f)(4) authorized the sale of the property. At the hearing on October 29, 2012, the Debtor indicated that after further research it does not have a good faith basis to object to the validity of the liens of the creditors. Therefore, the Debtor no longer contends the sale could be authorized under 11 U.S.C. § 363(f)(4). As such, Debtor's attorney contends the sale can be approved pursuant to 11 U.S.C. § 363(f)(5).

11 U.S.C. § 363(f) authorizes a debtor in possession to sell property free and clear of all interests. "[B]ecause this deprives secured creditors of a significant right, § 363(f) provides only five narrow circumstances in which a debtor may sell property free of all liens." *In re Nance Properties, Inc.*, Case No. 11-06197-8-JRL at 3 (Bankr. E.D.N.C. Nov. 8, 2011). The five narrow circumstances are:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.* (citing 11 U.S.C. § 363(f)).

11 U.S.C. § 363(f)(5) requires that "(1) a proceeding exists or could be brought, in which (2) the nondebtor could be compelled to accept a money satisfaction of (3) its interest." *Clear Channel Outdoor, Inc. v Knupfer, et al* (*In re PW, LLC*), 391 B.R. 25, 41 (9th Cir. BAP 2008).

"[T]he bankruptcy court must make a finding of the existence of such a mechanism and the trustee must demonstrate how satisfaction of the lien 'could be compelled.'" *Id.* at 45 (citation omitted). Section 363(f)(5) "refers to a legal and equitable proceeding in which the nondebtor could be compelled to take less than the value of the claim secured by the interest." *Id.* at 42 (citing *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002). The question is "whether there is an available type or form of legal or equitable proceeding in which a court could compel [the Lees and BNC] to release [their] lien[s] for payment of an amount that was less than full value of [the] claim[s]." *Id.* at 45-46. The Debtor has failed to prove any of the above requirements.

The Debtor cites to *Pacific Capital Bancorp v. East Airport Dev., LLC* (*In re East Airport Dev., LLC*), 443 B.R. 823 (9th Cir. BAP 2011) for the proposition that the creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. There, the debtor owned real property consisting of twenty-six (26) separate lots. *Id.* at 826. The debtor filed a motion to sell two of the lots free and clear of a creditor's lien pursuant to 11 U.S.C. § 363(f)(1), (2), and/or (5) and to use the surplus proceeds of the sale as cash collateral. *Id.* Prepetition the debtor and creditor entered into a release price agreement, under which the creditor was obligated to release lots from the lien upon payment of specified prices. *Id.* The debtor argued the release fee agreement could compel the creditor, in a legal or equitable proceeding, to accept a money satisfaction of such interest pursuant to 11 U.S.C. § 363(f)(5). *Id.* The bankruptcy court approved the sale and the order was appealed to the Ninth Circuit Bankruptcy Appellate Panel (the "BAP"). *Id.* at 827. The BAP noted that it was unclear from the record whether the bankruptcy court approved the sale pursuant to 11 U.S.C. § 363(f)(1),(2), or (5). *Id.* The BAP noted that the bankruptcy court however did allow the sale under one subsection of 11 U.S.C. § 363(f). *Id.* There, the release agreement provided for the creditor to release specific lots upon payment by the debtor for stated consideration. *Id.* at 830-31. The bankruptcy court concluded the debtor fulfilled its contractual obligations under the release agreement and the creditor was obligated to release its lien. *Id.* at 831. The BAP found that the debtor had the right to require the creditor to release liens on the two lots upon payment of the specified release prices and the debtor could enforce this right in a specific performance action on the contract. *Id.* at 831. Therefore, the BAP found the sale was proper under 11 U.S.C. § 363(f)(5) because the release price agreement in this case was a contractual mechanism under which the creditor could be compelled in a specific performance action to release

5

its lien upon payment of the release price. *Id.* at 830 (noting that most release price agreements are the subject of a detailed and formal writing, and that the agreement at issue was evidenced only by a few short writings). The BAP vacated and remanded the bankruptcy court's order with respect to the debtor's use of the creditor's cash collateral as it could not conclude on the record before it any arrangement the parties had with respect to surplus funds. *Id.* at 832.

The Debtor contends that the Debtor and the Lees are subject to a Modification Agreement providing for a $3,000.00 release fee. According to the Debtor, the creditor "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5). The Debtor notes there is however, no formal release fee agreement with BNC.

BNC contends that it cannot be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest. Further, BNC contends that Caviness & Cates should be considered an unsecured creditor, and because of that, they should not be given more security and priority than a secured creditor. The Lees contend that upon the sale of the Property they should be paid in full from any sale, including interest, costs, and attorneys' fees to which the Lees are entitled under the loan documents with the Debtor, and that any lien which attaches to the sale proceeds includes these amounts. Accordingly, the Lees oppose the Debtor holding the proceeds of the sale in trust and object to the Debtor using any proceeds as cash collateral or to fund the Debtor's quarterly fees. The Lees contend that based on the release fee agreement, they should be paid the proceeds upon the sale of the Property.

Here, the Debtor proposes to sell five lots located in Breighmere Subdivision to Caviness & Cates for the purchase price of $157,500.00 less $53,571.42 that was previously paid to the Debtor and used to develop the Debtor's real property. The Debtor indicates that the net proceeds

6

will total approximately $100,000.00 and requests that all of the proceeds of the sale of the Property be held in trust by Debtor's counsel pending resolution of the state court lawsuit. The Debtor and the Lees entered into a release fee agreement providing for a $3,000.00 release fee. The Debtor and BNC did not enter into a formal release fee agreement. The Debtor has failed to show how satisfaction of the liens could be compelled in a legal or equitable proceeding. Unlike *Pacific Capital Bancorp v. East Airport Dev., LLC*, here, the Debtor intends to hold the proceeds of the sale in trust, which would prevent the creditors from receiving proceeds of the sale until some unknown date in the future. Further, BNC and the Debtor have not entered into a release fee agreement and would not be subject to a specific performance action to release its lien. As to the Lees' release fee agreement, the agreement requires payment of the proceeds prior to the release of the lien. Here, the proceeds are to be held in trust until a date in the future. Accordingly, this Court finds that the Debtor has failed to demonstrate how satisfaction of the lien could be compelled in a legal or equitable proceeding pursuant to 11 U.S.C. § 363(f)(5).

Based on the foregoing the Emergency Motion for Approval of Private Sale and the Emergency Motion to Sell Property Free and Clear of Liens and Other Interests with Liens to Attach to Proceeds Pursuant to 11 U.S.C. § 363(f) are **DENIED**.

    **SO ORDERED**.

**END OF DOCUMENT**